WORLD MANUFACTURING CO. v. HAMILTON-KENWOOD CYCLE CO.

1. PROMISSORY NOTES—FRAUD—BARGAIN AND SALE.

Complainant corporation contracted with a bicycle manufacturing company to furnish certain bicycles, to be shipped subject to its order. It gave notes for certain invoices of bicycles not shipped, on the representation that they were completed and set apart as its property. *Held*, that the fact that the bicycles were not so completed and set apart was not such fraud as entitled complainant to a cancellation of the notes; the frames having been set apart, and other parts kept on hand, so they could be quickly assembled, and it appearing that the bicycles could not be put together until instructions from complainant as to tires and sprocket-wheels were received.

2. SAME—GOOD-FAITH HOLDER—NOTICE.

Where a stockholder in a corporation was also cashier of a bank which discounted certain notes given to the corporation, and attorney for an individual who through him had discounted other such notes, such bank and individual are not charged, through their relations to him and his relation to the corporation, with notice of fraud in obtaining the notes; it appearing that, though a stockholder, he was not an officer, and had no knowledge which should have put him on inquiry as to the fraud.

3. TRUST MORTGAGE—CONSTRUCTION.

Where a cycle company, after having received notes from a manufacturing corporation in payment for bicycles not shipped, makes a mortgage of all its assets, including such bicycles, to secure creditors,— the mortgage indicating that the buyer was not intended to be included among creditors, by being made to cover a certain balance supposed to be due from it to the company,— such corporation is not entitled to participate with other creditors in the proceeds of the mortgage sale.

4. SAME—PROPERTY COVERED—ACCOUNTING BY TRUSTEE.

Where, in pursuance of a contract of purchase of bicycles from a manufacturing company, certain frames are set apart as the property of the purchaser, and form part of the con-

sideration for notes given by the purchaser and discounted by the company, such frames become the property of the purchaser, as against the trustee in a mortgage covering all assets, given to secure creditors of the manufacturer, and such purchaser is entitled to an accounting from the trustee for the value of the frames.

Appeal from Kent; Adsit, J.   Submitted January 11, 1900.   Decided April 24, 1900.

Bill by the World Manufacturing Company, Joseph O. Stokes, and William J. B. Stokes against the Hamilton-Kenwood Cycle Company, the National City Bank of Grand Rapids, J. Frederic Baars, trustee, Jennie W. McKibben, and others, for the cancellation of certain promissory notes.   From a decree for defendants upon answers in the nature of cross-bills, complainants appeal.   Modified.

*Hyde, Earle & Thornton* (*Myron H. Walker*, of counsel), for complainants.

*Fitz Gerald & Barry* (*Wanty & Knappen* and *Francis A. Stace*, of counsel), for defendants.

MOORE, J.   The printed record and briefs in this case consist of nearly 1,000 pages.   The pleadings occupy nearly 200 pages.   In disposing of the case, we do not think it would be profitable to state in detail what is contained in the record, but will content ourselves with a general statement of the material questions involved, and our conclusions in relation thereto.

In December, 1896, a contract was made between the complainant company and the Hamilton-Kenwood Cycle Company for the manufacture by the latter company of 1,000 bicycles.   Forty dollars each was to be paid for the wheels.   Settlements were to be made on the 1st of the month for all wheels shipped during the prior month.   This contract was afterwards modified so that the wheels were to be held by the cycle company subject to the order

of the World Manufacturing Company. Invoices were sent by the cycle company to the complainant company. Payments were made by the complainant company, in cash or notes, aggregating upwards of $20,000. The notes of the complainant company were indorsed by the complainants Stokes, and were discounted by the cycle company. At the time this proceeding was commenced, three of them were held by the National City Bank of Grand Rapids, and one by Jennie W. McKibben.

It is the claim of complainants that these notes were forwarded to the cycle company upon the representation that the wheels for which the notes had been given were completed, and set apart as the property of the complainant company, when as a matter of fact the wheels had not been so set apart. It is claimed that in June, 1897, the complainant company learned of this fact, and telegraphed the manager of the cycle company to come to New York, when an arrangement was made between the managers of the respective companies that the notes were to be surrendered to the complainant company and the contract ended. Within a few days after this alleged agreement, the cycle company made a mortgage upon all its property to secure its creditors. This mortgage was made to Mr. Baars, as trustee. He was at this time a stockholder in the cycle company. He was also cashier of the National City Bank. Mrs. McKibben was his client, and it was through him that she bought the note held by her, made by the World Manufacturing Company. After the mortgage was given, proceedings were had in court for the purpose of closing up the affairs of the company, of which it will not be necessary to speak in detail. The assets of the company have been converted into money, and are awaiting a disposition by the court.

It is the claim of complainants that the notes were obtained by fraud, that the relation of Mr. Baars to the cycle company and the other parties was such that the taint of fraud followed the notes held by the bank and Mrs. McKibben, and that by reason thereof they cannot be said

to be *bona fide,* good-faith holders of the notes.  The bill in this case was filed to have the notes canceled, and for other relief.   Answers in the nature of cross-bills were filed.   A hearing was had in open court.   A decree was entered denying to complainants any relief, and one was entered in favor of defendant bank and Jennie W. McKibben for the full amount of the notes held by them, respectively.  From that decree the complainants have appealed.

The solicitors for the complainants make the following claim:

"The questions of fact to be considered on this record are:

" 1.  Are the bank and Mrs. McKibben *bona fide* holders of the paper of complainants ?

" 2.  Are the complainants entitled to prorate with the other creditors in the third class in the mortgage ?

" 3.  Are the complainants entitled, with the other third-class creditors, to a division of the fund arising from the sale of the property bought and disposed of by the wheel company, the new organization ?

" 4.  Is the bank bound, on account of the fraud of the stockholders of the cycle company in its organization, to resort to the Sligh Furniture Company's stock to pay its claim, before participating in the fund arising under the mortgage and assignment of accounts, even though the furniture company's stock was deposited with the bank to secure the indorsements of Sligh and Case upon the cycle company's paper ?

" 5.  Are the complainants entitled to an accounting for the frames set apart for the World Company by the cycle company, and converted by the trustee under the mortgage ? "

We agree with the circuit judge that the first of these questions should be answered in the affirmative.   We are not satisfied from the evidence that any fraud was practiced in obtaining these notes.   It is true, the wheels for which the notes were given when the invoices were sent were not completed; but the record discloses that, after the original contract was made, a new arrangement was made, —that the wheels were to be held subject to the order of

complainant. It is evident from the record that it would not be known what sized sprocket-wheels or what kind of tires would be required until the order was received. The record also indicates that the frames were set apart as the property of the complainant, and that the other parts were, in the main, kept on hand, and could quickly be assembled after the receipt of the order. Even if it should be conceded that the wheels were not completed as was contemplated by the complainant, there is nothing to indicate that Mr. Baars knew of that fact, or that he had any knowledge which ought to put him upon inquiry. It is true, he was a stockholder in the cycle company; but he was not an officer of the company, and had nothing to do with its management. He testified that, when the notes were discounted by the bank and Jennie W. McKibben, they paid full value for the notes, and that he and they had no knowledge of any fact which would tend to invalidate the notes. This testimony is uncontradicted.

We agree with the circuit judge that the second and third questions propounded by the solicitors should be answered in the negative. The mortgage clearly indicates that it was not intended to secure the complainants, but, on the contrary, attached to it was a list of the debts due the cycle company which were mortgaged to the trustee, and among them was a balance claimed to be due from the complainant company. The complainants are not willing to be subrogated to the rights of the mortgagee. We are content with the disposition of this feature of the case made by the circuit judge.

We think the circuit judge made a proper disposition of the claim arising under the fourth question of the solicitors. The cycle company claimed to have a capital of $100,000. This was largely made up of a consolidation of two going concerns then engaged in the manufacture of bicycles, the property of which was turned into the new organization. It is true that, when the assets were converted into money, the assets of the cycle company did not realize a large sum; but it is also true that the failure of

the cycle company occurred at a time when companies of a similar character were failing all over the country, so that the market for such assets was oversupplied, and the machinery and other assets would not sell for anything near what it would cost to duplicate them.    It does not appear that the capital stock of the cycle company influenced the complainant company in the least in making its contract.

As to the fifth question presented by the solicitors, we think the circuit judge was in error.    There can be no question from the record but that 250 frames were set apart for the complainant company.    These frames made a part of the consideration for which the notes were given. They belonged to the complainant company.    They passed into the possession of the trustee, and were used by him to make completed bicycles, which were sold.    Part of the fund now on hand consists of the amount realized from the conversion of these frames.    It is claimed that the complainant company relinquished its title to any wheels in the possession of the cycle company.    The managers of the respective companies are not agreed as to what occurred in New York in June.    Taking the version of either of them, it is clear that the arrangement was not so far completed as to devest the title to the frames.    The complainant asks that the frames be accounted for upon the basis of $15 apiece.    We do not think that ought to be done. There is difficulty in fixing the value of these frames. They inventoried at less than $4 each.    Completed wheels (such was the state of the market) were sold, after the fullest publicity was given, at $14 each.    Considering all the proofs in the case, we think it would be equitable to treat these frames as worth $4 apiece, and they will be so treated.

The complainant company asks for a decree against the cycle company for the amount of its overpayments.    We think it is entitled to such a decree.    The amount will be fixed upon the settlement of the decree.

The record is unnecessarily voluminous.    The complain-

123 MICH.—40.

ants are entitled to the costs of this court as against the trustee, but the amount thereof will be decided upon the settlement of the decree. The defendants as to whom the decree is affirmed will recover their costs against the complainants. In other respects the decree of the court below is affirmed.

The other Justices concurred.